IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

ROBERT WILLIAMS,                    )
                                    )
            Plaintiff,              )
                                    )
    v.                              )        CV 316-091
                                    )
DONOVAN HAMILTON, Warden of Care    )
and Treatment; WILLIE RUFFIN, Warden)
of Security; and VANCE LAUGHLIN,    )
Head Warden,                        )
                                    )
            Defendants.             )

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, currently incarcerated at Georgia State Prison in Reidsville, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP") in this civil rights case concerning events alleged to have occurred at Wheeler Correctional Facility ("WCF") in Alamo, Georgia. Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

## I.    SCREENING OF THE COMPLAINT

### A.    BACKGROUND

Plaintiff names the following Defendants: (1) Donovan Hamilton, Warden of Care and Treatment at WCF; (2) Wille Ruffin, Warden of Security at WCF; and (3) Vance Lauglin,

"Head" Warden at WCF. (Doc. no. 1, pp. 1, 4.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

Plaintiff had multiple problems at WCF with losing his personal property when moving between dormitories, including when he moved in and out of protective custody. (Id. at 5.) The incident forming the basis for Plaintiff's current complaint occurred in March of 2016. (Id. at 5-6.) Plaintiff asserts that upon his release from segregation/protective custody, $423.59 worth of property ranging from a CD player, to batteries, to cough drops, candy, and baby powder were either not returned to him, or were returned damaged. (Id. at 6 and Ex. 5.) Neither Defendant Ruffin or Defendant Hamilton would help him recover his lost or damaged property, and Defendant Hamilton denied Plaintiff's grievance concerning his property. (Id. at 6.) Defendant Laughlin did not make sure his employees were "doing their jobs" to help Plaintiff with his property and did not respond to letters Plaintiff sent to him about his property. (Id., Exs. 8, 11.) Plaintiff seeks over three million dollars in damages. (Id. at 9.)

## B.    DISCUSSION

### 1.    Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson

v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

## 2. Plaintiff Fails to State a Valid Claim against any Defendant for the Loss or Damage of His Personal Property.

The Fourteenth Amendment does not protect against all deprivations of property, only against deprivations that occur "without due process of law." Parratt v. Taylor, 451 U.S. 527, 537 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327, 330-31 (1986). Georgia has created a civil cause of action for the wrongful deprivation of personal property. O.C.G.A. § 51-10-1. This statutory provision covers the unauthorized deprivation of an inmate's property by prison officials. Grant v. Newsome, 411 S.E.2d 796, 799 (Ga. App. 1991). The statutory cause of action constitutes an adequate post-deprivation remedy under Parratt. See Byrd v. Stewart, 811 F.2d 554, 555 n.1 (11th Cir. 1987). Thus, Plaintiff has an adequate remedy at State law, and he fails to state a valid § 1983 claim.

## 3. Even if Plaintiff Had Stated a Valid Claim for the Loss or Damage of His Personal Property, Defendant Laughlin Cannot Be Held Liable for the Acts of Defendants Hamilton and Ruffin.

Even if Plaintiff had a valid underlying § 1983 claim for the loss or damage of his property, Plaintiff's complaint fails to state a claim against Defendant Laughlin, the "Head" Warden at WCF who Plaintiff alleges failed to make sure his employees were "doing their jobs" and did not respond to Plaintiff's letters. Stated otherwise, Defendant Laughlin cannot be held liable merely in light of his supervisory position. "Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Rosa v. Fla. Dep't of Corr., 522 F. App'x 710, 714 (11th Cir. 2013). Likewise, supervisors and employers cannot be sued under § 1983 simply on a theory of *respondeat superior*. See Kruger v. Jenne, 164 F. Supp.2d

1330, 1333-34 (S.D. Fla. 2000) (citing <u>Powell v. Shopco Laurel, Co.</u>, 678 F.2d 504 (4th Cir. 1982)) (explaining that employer which provided medical care for state inmates could not be sued under § 1983 on *respondeat superior* theory).

"Because vicarious liability is inapplicable to § 1983 actions, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." <u>Rosa</u>, 522 F. App'x at 714 (quoting <u>Iqbal</u>, 556 U.S. at 676) (internal quotations omitted). Therefore, to hold Defendant Laughlin liable, Plaintiff must demonstrate that either (1) the "Head" Warden actually participated in the alleged constitutional violation, or (2) there is a causal connection between his actions and the alleged constitutional violation. <u>See Hartley</u>, 193 F.3d at 1269 (citing <u>Brown v. Crawford</u>, 906 F.2d 667, 671 (11th Cir. 1990)). Here, Plaintiff alleges he informed Defendant Laughlin about Defendants Hamilton and Ruffin not doing their jobs. Nowhere does Plaintiff allege Defendant Laughlin was the individual responsible for securing or returning Plaintiff's property.

Moreover, Plaintiff does not show that Defendant Laughlin was directly involved with Plaintiff's loss of property simply by alleging he viewed a letter and/or a grievance Plaintiff wrote about his problem. <u>See Asad v. Crosby</u>, 158 F. App'x 166, 170-72 (11th Cir. 2005) (affirming district court's dismissal of supervisory liability claims against two defendants who failed, *inter alia*, "to afford [plaintiff] relief during the grievance process," because the record failed to show that they "personally participated in the alleged constitutional violations, or that there was a causal connection between the supervisory defendants' actions and an alleged constitutional violation"); <u>see also</u> <u>Shehee v. Luttrell</u>, 199 F.3d 295, 300 (6th Cir. 1999) (refusing to impose liability under § 1983 on supervisory officials who denied

administrative grievances and otherwise failed to act based on allegations contained in the grievances), *cert. denied*, 530 U.S. 1264 (2000); Crowder v. Lash, 687 F.2d 996, 1005-06 (7th Cir. 1982) (rejecting claim that Commissioner of Department of Corrections could be held liable for damages from any constitutional violation at a facility within his jurisdiction based on receipt of a letter describing allegedly improper prison conditions).

Likewise, Plaintiff must allege a causal connection between Defendant Laughlin and the asserted constitutional violations. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation). The "causal connection" can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be *obvious, flagrant, rampant and of continued duration*, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added). A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

Plaintiff does not draw the necessary causal connection to any alleged constitutional violation. First, as discussed above, there was no underlying constitutional violation. Second, simply writing a letter alleging staff is not doing their job does not show personal participation

by Defendant Laughlin in depriving Plaintiff of his property, let alone show a widespread problem or suggest he has a policy or custom causing such a problem.  In sum, Plaintiff has not shown Defendant Laughlin actually participated in the alleged constitutional violation; nor has he drawn the necessary causal connection to any alleged constitutional violation.  Therefore, Plaintiff fails to state a claim upon which relief can be granted against Defendant Laughlin.

> **4.      Plaintiff Fails to State a Valid Claim Based on An Alleged Violation of Prison Regulations.**

To the extent Plaintiff also complains his property claim forms and/or grievances were not processed in accordance with prison regulations, he fails to state a constitutional claim.  An allegation of non-compliance with a prison regulation by prison officials is not, in itself, sufficient to give rise to a claim upon which relief may be granted.  See Sandin v. Conner, 515 U.S. 472, 481-82 (1995) (noting that many prison regulations are "primarily designed to guide correctional officers in the administration of a prison" and that "such regulations are not designed to confer rights on inmates"); Mathews v. Moss, 506 F. App'x 981, 984 (11th Cir. 2013) (finding district court properly dismissed prisoner's claim concerning prison officials' alleged failure to follow prison procedures with respect to grievances); Taylor v. White, Civ. No. 11-0377-CG-N, 2012 WL 404588, at *5 (S.D. Ala. Jan. 10, 2012) ("A claim based on a prison official's failure to follow prison regulations or state regulations, without more, simply does not state a claim for deprivation of a constitutional right."), *adopted by*, 2012 WL 403849 (S.D. Ala. Feb. 7, 2012).  Accordingly, Plaintiff has failed to state a separate claim upon which relief may be granted based on any alleged violation of prison regulations.

## II.  CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief can be granted and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 1st day of February, 2017, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA